(31 Misc. Rep. 424.)

### WELLBROCK v. LONG ISLAND R. CO.

(Supreme Court, Trial Term, Kings County.    May, 1900.)

**1.** RAILROADS—ACCIDENT AT CROSSING—WHISTLING POST—WARNING—EVIDENCE
—WEIGHT OF TESTIMONY.
    A number of witnesses for plaintiff testified that they did not hear an engine whistle at a whistling post.    A student fireman on the engine testified that the engineer whistled 400 or 500 feet from the crossing where plaintiff's vehicle was struck, but did not testify that he was watching to note whether the engineer whistled at the post.    The engineer and fireman and 14 reputable witnesses swore positively that the engineer whistled at the post, some of them relating circumstances occurring at the time which aided their recollections.    *Held*, that a verdict for plaintiff, based on negligence imputed to defendant railroad company in failing to sound such whistle, was so palpably against the weight of the evidence that the trial court would set it aside.

**2.** SAME—SIGNBOARD—VARIATION FROM STATUTE—NEGLIGENCE.
    A sign board at a railroad crossing contained the words, "Danger! Railroad Crossing," and was placed at right angles to the roadway, and could be read by the ordinary eye at a distance of 400 feet.    It was plainly visible to plaintiff, who approached from the west, at a distance of 150 feet.    The railroad track and ties could be plainly seen from plaintiff's coach.    *Held*, that as the slight variation of the sign from the statutory requirement in no degree prevented plaintiff from receiving warning of such crossing, a verdict for plaintiff based thereon will be set aside.

**3.** FORMER ADJUDICATION—EVIDENCE ON WHICH BASED.
    The trial term, in granting a new trial to defendant railroad company on the ground that a slight variation in the wording of a crossing sign from the statutory requirement was not sufficient to impute negligence to defendant, will not be bound by an adjudication of the appellate division, in an action for injuries growing out of the same accident, where the evidence on which such adjudication was based is not before the court on the hearing of the motion.

**4.** RAILROADS—IMMINENT COLLISION—ERROR IN EXTREMIS.
    An engine going at the rate of 50 feet a second was 400 feet from a crossing when the heads of plaintiff's horses, approaching the track, appeared in sight, and the engineer immediately sounded his whistle.    Waiting long enough to see that no attention would be paid thereto, and being unable to stop the train in time to avoid a collision, he had the alternative of either putting on full steam and striking the horses, or applying the brakes and striking the carriage.    *Held* that, where the engineer applied the brakes and struck the carriage, the question as to whether or not he was negligent should not have been submitted to the jury, as the facts showed that his doing so was a mere error of judgment, on which negligence could not be imputed.

Action for injuries by Walter B. Wellbrock against the Long Island Railroad Company.    On motion of defendant to set aside the verdict and for a new trial.    Motion granted.

William J. Kelly, for the motion.
John M. Wellbrock (A. H. Dailey, of counsel), opposed.

SMITH, J.  In this action the plaintiff claims that the defendant was negligent in three respects:  First, because the engineer in charge of the train did not use due care to avoid the collision after he discovered the vehicle on which the plaintiff was riding approaching the crossing;  second, because the engineer did not blow the whistle at the crossing whistling post;  third, because the signboard danger signal did not conform to that prescribed by the statute.

These questions were submitted to the jury, who found a verdict for the plaintiff.  This motion is made to set aside the verdict, on the ground particularly because it was an error upon the facts developed upon the trial to submit to the jury the question of the negligence of the engineer in not using due care to avoid the collision, and generally because on the whole case the verdict is against the weight of evidence.  If this was the first trial of any action growing out of the collision referred to, I would deem it my duty to set aside this verdict because it is against the weight of evidence.  Upon the issue whether the engineer whistled at the crossing whistling post, the evidence of the plaintiff, with one exception, was of a purely negative character; his witnesses testifying that they heard no such whistle, the exception being the evidence of Mr. Peake, a student fireman on the engine, who testified that the engine first whistled at a distance of four or five hundred feet from the crossing.  Inasmuch as this witness did not testify that he was watching to note whether the engineer whistled at the post, his statement is really a statement that he did not remember an occurrence which would more likely have made an impression on his memory than upon the memory of the other witnesses who testified upon this subject for the plaintiff.  For the defendant, the engineer himself testified positively that he whistled at the post.  He knew his duty.  It is conceded that he was at his proper place on the engine, in a situation to do his duty.  The whistling post was properly marked in plain sight.  The presumption is that he did his duty as he said he did.  He is corroborated by the fireman on the same engine, by four trainmen on the same train, and by fourteen reputable witnesses, who had no connection with the railroad company, and who have no interest in the controversy.  Some of them were right by the whistling post when the whistle sounded.  The others were in the near neighborhood, and all testify positively to the same effect, and some of them giving such details and incidents in accounting for their positive testimony that to disregard their evidence would impute to them the commission of willful perjury.

In the case of Culhane v. Railroad Co., 60 N. Y. 137, Judge Allen says:

"A mere, 'I did not hear,' is entitled to no weight in the presence of affirmative evidence that the signal was given, and does not create a conflict of evidence justifying a submission of the question to the jury as one of fact."

If, by reason of the testimony of Mr. Peake, it was proper to submit the question to the jury in this case, a finding that the evidence of the character submitted by the plaintiff is entitled to greater credence than the testimony submitted by the defendant is so palpably erroneous and unjust that it ought not to be permitted to stand with the sanction of the court.

In the case of Trotcky v. Railroad Co., 73 Hun, 31, 25 N. Y. Supp. 1057, Justice Follett says:

"The court does not set aside verdicts because the unsuccessful party produced the greatest number of witnesses on the vital issue, but when, in addition to numbers, the testimony of the witnesses is of such a character as to render the truth of their statements highly probable, and more probable than the evidence of witnesses of the successful party, the court must discharge the duty imposed on it by the statute, and determine for itself whether the issues have been determined against the weight of evidence."

Upon the question whether negligence should be imputed to the defendant because the danger sign at the crossing did not conform to the statute, it seems to me, upon all the circumstances of the case, the variance was so slight that it would be pure speculation and surmise to conclude that it would have affected this accident in any degree. The court of appeals have said in the Lewis Case (Lewis v. Railroad Co., 162 N. Y. 52, 56 N. E. 548), and their statement is conclusive, that a statutory sign would have been more likely to give notice than the sign erected. The sign erected stood as close to the edge of the macadamized or traveled portion of the road as it could be placed without interfering with the travel. It was placed at right angles to the roadway. It was in good condition. The words, "Danger! Railroad Crossing," could be read by the ordinary eye at a distance of 400 feet. This sign was plainly visible to the traveler approaching from the west for more than 150 feet. At that distance not only the sign, but the railroad track and the ties, were in plain sight to the driver of the coach, elevated as he was above the ground. It requires no effort to see all this. The slightest attention would have been sufficient to have given the necessary warning. To find that a statutory sign would have made a difference to this driver would be equivalent to a finding that the failure to conform to the statutory sign was conclusive evidence of negligence. The rational view of the law is that if the sign erected was, in connection with its location, sufficient to have given warning to a traveler who was exercising ordinary care for his safety before proceeding upon the highway, the defendant could not be held negligent because the sign did not conform to the statute. The testimony does not warrant a reasonable inference that this sign as located did not come up to that standard. I do not determine that the trial judge in this case is prevented from exercising his discretion in setting aside the verdict because it is against the weight of evidence, by reason of any previous adjudication by the appellate division in other cases growing out of the same accident, because the facts brought out upon the other trial are not before the court upon this motion. But, if the court is so concluded, I think, since the decision in the Lewis Case by the court of appeals, it is an open question whether, upon the facts in this case, it was not an error to submit to the jury the question whether the engineer was negligent in not using due care to avoid the collision. Upon careful examination of the matter, I have determined that it was an error not to have decided as a matter of law that there was not sufficient evidence to submit this question to the jury. After a unanimous affirmance of the judgment in the Lewis Case by the appellate division, the

court of appeals would not express an opinion that the evidence upon this question would not sustain a verdict based thereon, but their views upon the subject are plainly deducible from the language of the opinion.

If the engineer erred, it was an error of judgment only, for which the defendant was not responsible. As to what actually occurred there is practically no dispute, and, in my judgment, a finding is not warranted that even an error in judgment was committed by the engineer. The engineer was some 400 feet from the crossing when the heads of the leading horses attached to the tallyho first appeared in sight. He was then traveling at the rate of about 50 feet a second. He immediately sounded the alarm whistle. By the time he was reasonably certain that no attention would be paid to this signal, his decision what to do must be made at once. He decided to apply his brakes. He could not slow up the train to avoid the collision. If he had decided to increase his speed, he might have killed the horses and saved the coach; if he had applied his brakes sooner, he might have avoided the collision. But the engineer was neither omnipotent nor omniscient. He was only a man, and he must be judged as a man and by the knowledge he then possessed. To leave the question to the jury whether he was negligent under these circumstances only results in confusing the jurors, leading them to judge human conduct by unfair and unreasonable standards, and giving them a practical invitation to allow their sympathies and prejudices to determine their verdict. Because of this error, irrespective of all other questions discussed on this matter, a new trial must be granted.

Motion granted.