(31 Misc. Rep. 546.)

LEWIS v. LONG ISLAND R. CO.

(Supreme Court, Trial Term, Kings County. May, 1900.)

1. RAILROADS—ACCIDENT AT CROSSING—SIGNBOARDS—COMPLIANCE WITH STATUTE—UNIVERSAL USE—NEGLIGENCE.

A signboard at a railroad crossing, at which plaintiff's carriage was struck, slightly varied from the statutory requirement, but was in all respects similar to signboards used at 6,000 other railroad crossings in the state, except that the letters were eight instead of nine inches in height. There were but 10 crossings in the state at which the statutory requirements were strictly observed. Held, that such universal use of the signboard throughout the state rendered a lack of compliance with the statute of no probative force on the question of negligence, and, in the absence of testimony showing that the fact that the letters were eight instead of nine inches high was the proximate cause of the accident, there was not sufficient proof of negligence to go to the jury, and a verdict based thereon will be set aside.

2. SAME—VERDICT FOR PLAINTIFF—SECOND TRIAL—TAKING FROM JURY.

Where the trial court submitted the evidence to the jury in an action against a railroad company for injuries, and a verdict for the plaintiff was reversed on appeal on grounds other than sufficiency of testimony, nothing had occurred to absolve the trial court from its duty, in another action growing out of the same accident, to take the case from the jury, and dismiss the complaint, for failure of proof, though the evidence was the same as on the trial in the other action.

Action for injuries by John J. Lewis, by his guardian, against the Long Island Railroad Company. On motion of defendant to dismiss the complaint at the close of the evidence. Motion granted.

See 51 N. Y. Supp. 558.

Albert A. Wray, for plaintiff.

William J. Kelly, for defendant.

MAREAN, J. This is the third case which has been tried before me growing out of the collision on Decoration Day, 1897, at the Merrick road crossing of the Long Island Railroad. In the two former cases, in deference to the precedent afforded by this case, then unreversed, I submitted the facts to the jury, and they disagreed. The evidence has been substantially the same in each of the three cases, and I have three times over patiently sifted and weighed it. This case took four days, and others took, one of them five, and one of them six, days. In my opinion, the plaintiff does not establish, by any such preponderance of evidence as warrants a verdict, that the accident resulted from any negligence on the part of the railroad. I concur fully in the opinion of Mr. Justice Smith handed down and granting a new trial in the Wellbrock Case, 31 Misc. Rep. 424, 65 N. Y. Supp. 592, that there is no evidence of negligence on the part of the engineer in the making of signals nor in the management of his engine, when the collision was imminent, which a jury should be permitted to pass a verdict upon.

The only other negligence urged by the plaintiff is in relation to the crossing sign. The lack of strict compliance with the statute is a fact which the plaintiff has a right to prove, and it constitutes a scintilla of evidence that defendant did not provide and maintain a warning such as ordinary prudence demands at grade crossings; but the question really depends upon what warnings railroads do ordinarily provide and maintain. In the absence of evidence of what is usual, strict compliance with the statute may be assumed to be usual, and proof of the absence of strict compliance is perhaps sufficient proof of a lack in a particular case of ordinary care; but when, as in this case, it is absolutely proven and undisputed that, out of 6,000 grade crossings in this state in 1897, only at 10 was the sign required by the statute still maintained; that with those few exceptions grade crossings in this state were then provided with warning signs which, in location, shape, and legend, were substantially like that maintained by the defendant,—a lack of compliance with the statute ceases to have any probative force whatever upon the question of neglect of ordinary care in that respect. On the contrary, the observance of ordinary care is affirmatively established. The proof was that in most of the 6,000 cases the letters of the legend were nine inches in height, while those of the defendant's sign were only eight inches. Conceding that there was evidence to warrant a finding of negligence in that respect, the burden was upon the plaintiff to establish, further, that the smallness of the letters caused the accident. Not a single fact was given in evidence which even tended to prove this. There was nothing in the case upon which a rational mind can entertain even a suspicion or surmise that the difference between eight and nine inches in the

length of the letters, which could be read without effort at 400 feet, had anything whatever to do with the accident. There certainly was no evidence of it upon which the court should permit a jury to pass a verdict. That the cause of the accident, and the only cause, was the foolhardiness of the driver, or the reckless inattention of everybody on the coach, is written all over the case.

When, upon the proof, men may well differ, it must be left with the jury; but, if the proof be such that only one intelligent and rational conclusion upon all the evidence is possible, the court should not submit it to the jury. Whether it is a case to be submitted to the jury or not should be determined, not with a microscope, but upon a large and catholic view of the whole case,—a view from a high plane over its whole horizon. This question a trial judge must determine for himself, with such light, it is true, as he can get from the recorded wisdom of the past, but the question must come in the end to the bar of his own conscience to be answered. Whether the evidence was the same upon the former trial I do not know; but, even if it were, I apprehend that when a trial court submits a question of fact to a jury, and a verdict is found for the plaintiff, and on appeal the judgment is reversed on other grounds, nothing has occurred which has absolved the trial court from the duty, on a second trial, to take the case from the jury, if, in his judgment, that ought to be done. I apprehend, also, that not precisely the same question is presented on appeal from a dismissal as upon an appeal from a refusal to dismiss; for each case goes up with surely some presumption that the disposition of it below was right, and makes weight in the result. Something is surely allowed in favor of the near-by view and personal touch of the trial court. If, on appeal, a dismissal of the complaint shall be held to be error, then, of course, the duty of the trial court will be plain, but until then I cannot assist at what, upon the evidence in this case, in my mind, beyond any shadow of doubt, is a monstrous injustice sought to be perpetrated under the forms of law. If juries always fairly epitomized the intelligence of the people, all cases might safely enough be left to them; but the need in cities, at least, is growing, and is every day more imperative, that the court should not, in favor of the jury, abdicate any of its prerogatives.

Ordered accordingly.